## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                            Case No.  13-56279

RECHELA PATRICE HALL,                             Chapter 13

                Debtor.              Judge Thomas J. Tucker
_____/

RICHARD B. HALL, and
PEGGY A. HALL,

              Plaintiffs,

v.                                                Adv. No. 13-5372

RECHELA PATRICE HALL,

              Defendant.
_____/

### OPINION AND ORDER DENYING PLAINTIFFS' REQUEST
### FOR ORDER TO SEIZE PROPERTY

On May 27, 2014, the Court entered a $30,000.00 consent judgment against Defendant Rechela Hall, and in favor of the Plaintiffs (Docket # 59, the "Consent Judgment").  Recently, Plaintiffs submitted to the Clerk a document entitled "Request [For] Order to Seize Property," which, in relevant part, requests that this Court enter an order requiring "any sheriff, deputy sheriff, or authorized court officer" to "[s]eize and sell, according to law, any of the personal property (as determined by the officer) of [the Defendant] . . . that is not exempt from seizure, as will be sufficient to satisfy" the debt arising out of the Consent Judgment, and to take certain other actions.  (A copy of the request is attached to this Opinion and Order, for reference purposes.)

The Court must deny Plaintiffs' request, because this Court does not have authority to

order a state sheriff or other state court officer to collect a judgment of this Court. *See Reid v. McNeil* (*In re McNeil*), 569 B.R. 274, 275 (Bankr. E.D. Mich. 2017); *see also Hauk v. Valdivia* (*In re Valdivia*), 520 B.R. 95, 97 (Bankr. E.D. Mich. 2014), *aff'd*, No. 14-14429, 2015 WL 1015127 (E.D. Mich. Mar. 3, 2015) ("This Court has no authority to direct a state officer to serve and execute on a writ of execution. Only an appropriate state court would have such authority.").

In *McNeil*, this Court stated the following, relying on its ruling in *Valdavia*:

> In *Hauk v. Valdivia* (*In re Valdivia*), 520 B.R. 95, 97 (Bankr. E.D. Mich. 2014) (footnote omitted), [a]*ff'd*, No. 14-14429, 2015 WL 1015127 (E.D. Mich. Mar. 3, 2015), this Court stated:
>
> > [T]he Court concludes that only the United States Marshals Service may serve and execute on a writ of execution issued by this Court. No state court officer may do so. *See Branch Banking & Trust v. Ramsey*, 559 Fed.Appx. 919, 924 (11th Cir.2014) (interpreting 28 U.S.C. § 566(c) to mean that "only a U.S. marshal may execute the federal writ of execution by levying on and selling [a judgment debtor defendant's] property"). This Court has no authority to direct a state officer to serve and execute on a writ of execution. Only an appropriate state court would have such authority.
>
> The Court explained further that:
>
> > if [the p]laintiff's counsel wants to use a state court officer to execute on a writ of execution, he can only accomplish that by domesticating this Court's September 3, 2014 default judgment in an appropriate Michigan court, and then have that Michigan court issue its own writ of execution, which a state court officer can then serve. Plaintiff can file an authenticated copy of this Court's judgment in the office of the clerk of a circuit, district, or municipal court in the state of Michigan under the "Uniform Enforcement of Foreign

2

Judgments Act." Mich. Comp. Laws Ann.
§§ 691.1171–691.1179. That Michigan law
provides, in relevant part:

> Sec. 3. A copy of a **foreign
> judgment** authenticated in
> accordance with an act of congress or
> the laws of this state may be filed in
> the office of the clerk of the circuit
> court, the district court, or a
> municipal court of this state. The
> clerk shall treat the foreign judgment
> in the same manner as a judgment of
> the circuit court, the district court, or
> a municipal court of this state. A
> judgment filed under this act has the
> same effect and is subject to the
> same procedures, defenses, and
> proceedings for reopening, vacating,
> or staying as a judgment of the
> circuit court, the district court, or a
> municipal court of this state and may
> be enforced or satisfied in like
> manner.

Mich. Comp. Laws Ann. § 691.1173 (bold emphasis
added). As used in this statute, "foreign judgment"
includes a judgment of the United States
Bankruptcy Court—it "means any judgment, decree,
or order of a court of the United States or of any
other court that is entitled to full faith and credit in
this state." Mich. Comp. Laws Ann. § 691.1172.

*Valdivia*, 520 B.R. at 97–98.

*McNeil*, 569 B.R. at 276 (bold in original).

Thus, Plaintiffs may domesticate their Consent Judgment in an appropriate state court,

and pursue collection of the Consent Judgment in that court. Or alternatively, Plaintiffs may file

a request for this Court to issue a writ of execution directed to the United States Marshal.

3

Accordingly,

IT IS ORDERED that the Plaintiffs' Request [for] Order to Seize Property" is denied, without prejudice to Plaintiffs' right to file a request for a writ of execution directed to (and only to) the United States Marshal.

**Signed on August 17, 2020**



/s/ **Thomas J. Tucker**
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**

4

| | Original - Court | 2nd copy - Defendant |
|---|---|---|
| | 1st copy - Officer | 3rd copy - Plaintiff |

| STATE OF MICHIGAN | REQUEST AND ORDER TO | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | SEIZE PROPERTY | 13-05372-tjt |
| **JUDICIAL CIRCUIT** | | |
| US Bankruptcy Court | | |

**Court address**

226 W. Second Street, Flint, MI 48502          20E03767          **Court telephone no.**

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| Richard B. Hall, and Peggy A. Hall<br>c/o Goodman Frost, PLLC<br>20300 W 12 Mile Rd. Ste 101<br>Southfield, MI 48076 | v | Rechela Hall<br>20035 Cheyenne Street<br>Detroit, MI 48235-1156 |

## REQUEST AND VERIFICATION

1. Plaintiff received judgment against defendant for $ 30,000.00 _____ on May 27, 2014 _____.
2. The total amount of judgment interest accrued to date is $ 5,796.91 ____. The total amount of postjudgment costs accrued to date is $ 0.00 _____. The total amount of postjudgment payments made and credits to date is $ 0.00 _____. **The amount of the unsatisfied judgment now due (including interest and costs) is** • $ 35,796.91 _____.
   *Statutory interest, officer/sheriff fees, and expenses may be charged in addition to the unpaid judgment balance, according to law.
3. The plaintiff asks the court to issue an order to seize the property of the following defendant(s):

| Rachela Hall | 03-06-1967 |
|---|---|
| Name | Date of birth (if available) |
| | |
| Name | Date of birth (if available) |

| 8-11-2020 | | P40616 |
|---|---|---|
| Date | Plaintiff/Attorney signature | Bar no. |

| 20300 W 12 Mile Road Suite 101 | Southfield | MI | 48076 | 2487500500 |
|---|---|---|---|---|
| Address | City | State | Zip | Telephone no. |

## ORDER

**TO ANY SHERIFF, DEPUTY SHERIFF, OR AUTHORIZED COURT OFFICER - YOU ARE ORDERED TO:**

1. Seize and sell, according to law, any of the personal property (as determined by the officer) of defendant(s) named above in the **Request and Verification** that is not exempt from seizure, as will be sufficient to satisfy the plaintiff's demand, costs, and any statutory fees and expenses. Personal property may include, but is not limited to motor vehicles or money, wherever located.
2. If sufficient personal property of defendant(s) cannot be found within your jurisdiction, seize and sell any of the real property of defendant(s) not exempt from seizure, as will be sufficient to satisfy plaintiff's demand, costs, and any statutory fees and expenses.
3. Collect from the sale of the property enough money to pay all of your statutory fees and statutory expenses.
4. Deposit proceeds of sale with the ☐ court ☑ plaintiff after deducting statutory fees and statutory expenses.
☐ 5. **Claim and Delivery Only:** Seize the property described in the attached judgment for claim and delivery and deliver to the plaintiff(s); or if the property is not found in the possession of the defendant(s), levy the value of it.
6. You must endorse the month, day, year, and hour that you receive this order, and **that time is the effective date of this order.** You must return this order not less than 20 days, nor more than 90 days, from the effective date. If you have begun to serve this order on or before the return date, you may complete the service and return after the return date.
7. You may not continue collecting on this order after the return date except as indicated in item 6.
8. Order to be served by Deputy Sheriff Scott Hope _____.
   Authorized court officer/Deputy sheriff

| | | Bar no. |
|---|---|---|
| Date | Judge | |

**ENDORSEMENT:** I certify that I received this order on _____ at _____.

| Date | | Time |
|---|---|---|

Authorized court officer/Deputy sheriff

**TO THE DEFENDANT:** The person taking property must provide you with a receipt of all money paid by you and an inventory of the property taken.

MC 19 (3/13) REQUEST AND ORDER TO SEIZE PROPERTY          MCL 600.2920, MCL 600.6002, MCR 3.106